5/21/2020 11:33 AM
20CV18663

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

IN THE COUNTY OF MULTNOMAH

| | |
|---|---|
| VAL DEVOGELE,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO. and WALGREEN PHARMACY SERVICE MIDWEST, LLC,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>EMPLOYMENT DISCRIMINATION/RETALIATION<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>AMOUNT PLEADED $1,000,000<br><br>FILING FEE PER ORS 21.160 |

Plaintiff, Val DeVogele, alleges the following:

1.

Plaintiff is a former employee of defendants Walgreen Co. and Walgreen Pharmacy Service Midwest, LLC. Defendants (collectively "defendants" or "Walgreens") conduct regular, sustained business activity in Multnomah County, Oregon.

2.

Defendants are a person pursuant to ORS 659A.001(9).

3.

Defendants employ one or more persons in the State of Oregon and are an employer pursuant to ORS 659A.001(4).

PAGE 1 – COMPLAINT

Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

EXHIBIT 1
Page 1 of 13

4.

On November 14, 2003 Plaintiff started working for defendants Walgreens Co. and Walgreen Pharmacy Service Midwest, LLC at Store No. 07227 in Happy Valley as a staff pharmacist.

5.

Around 2006, Plaintiff's position changed from staff pharmacist to pharmacy manager. Plaintiff's payroll coding was RXM, which meant registered pharmacist with 84-hour biweekly salary.

6.

In November of 2013, Plaintiff stepped down from pharmacy manager to a staff pharmacist. His payroll coding changed to RXS, which meant registered pharmacist with 80-hour biweekly salary.

7.

In 2016, Plaintiff's disabilities began causing him some problems working his current schedule. Plaintiff has peripheral vascular disease (PVD), which is a blood circulation disorder that causes the blood vessels outside of your heart and brain to narrow, block, or spasm. This can happen in your arteries or veins. PVD typically causes pain and fatigue, often in your legs.

8.

Plaintiff also has chronic venous insufficiency (CVI), which is a condition that occurs when the venous wall and/or valves in the leg veins are not working effectively, making it difficult for blood to return to the heart from the legs. CVI causes blood to "pool" or collect in these veins, and this pooling is called stasis, that can lead to venous ulcers.

PAGE 2 – COMPLAINT

Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

EXHIBIT 1
Page 2 of 13

9.

Plaintiff is disabled as a result of these medical conditions.

10.

In 2016, Plaintiff asked to change his work schedule from 80 hours biweekly to 64 hours biweekly because of his disability. Plaintiff's payroll coding was changed to SP8, which means salaried pharmacist working eight-hour shifts, eight times per biweekly pay period. Plaintiff worked Monday and Tuesday at Capital Highway and Wednesday and Thursday at 162nd and Gleason. Plaintiff's position remained a staff pharmacist.

11.

Late 2016, Wendy Burg came to the Capital Highway store and told Plaintiff that the Capital Highway store was changing its pharmacy hours and his hours there were being eliminated. Ms. Burg told Plaintiff that he had top priority for seniority in Oregon. Plaintiff requested hours at a store in Salem and began working at store 09650 in West Salem on Mondays and Tuesdays.

12.

In August of 2017, Plaintiff met with Chris Schumann, his district manager covering the 162nd and Gleason store, and was told that the store was changing its pharmacy hours and Plaintiff would lose his hours at that store. Plaintiff explained his health issues to Mr. Schumann and they decided that Plaintiff could change to SP6, which means salaried pharmacist working eight-hour shifts, six times per biweekly pay period. Plaintiff's position remained staff pharmacist.

13.

Plaintiff's permanent designation became West Salem store No. 09650. Carl Burham

PAGE 3 – COMPLAINT

Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

EXHIBIT 1
Page 3 of 13

became Plaintiff's District Manager, since Plaintiff was now job coded out of Salem, which is a different district than Portland.

14.

Around March of 2018 Mr. Burnham told Plaintiff that Walgreens was going to eliminate the SP6 salary code and change Plaintiff's pay to hourly code RXH, which stands for registered pharmacist hourly. Plaintiff's coding remained RXH until his employment was terminated in March 2020. Plaintiff's position remained staff pharmacist.

15.

Around September 2018, Plaintiff's work schedule was twenty-two hours per week: sixteen hours at West Salem store 09650 and six hours at the Raleigh Hills Store. Plaintiff worked Monday and Tuesday at West Salem store 09650 and Friday at Raleigh Hills store 05952.

16.

Around June or July 2019, Beth Olson became Plaintiff's district manager.

17.

In early December of 2019, Plaintiff was told that defendants were not going to allow pharmacists in Oregon to be paid on an hourly basis, that they had to switch to salary, and had to work a minimum of 32 hours per week. Plaintiff's position would remain staff pharmacist. This policy change applied only to Oregon and defendants continue to allow pharmacists to be paid on an hourly basis in all other states.

18.

On December 6, 2019, Plaintiff called corporate HR and spoke to Samantha. Plaintiff explained that he had some medical issues that would not allow him to work more hours. She

PAGE 4 – COMPLAINT

Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

EXHIBIT 1
Page 4 of 13

told Plaintiff that there was no notation that anyone's payroll coding was changing. She checked with another employee and was told Walgreens was not eliminating the RXH pay structure and she didn't know anything about changes in Oregon. She told Plaintiff to ask his district manager to give him medical and ADA accommodation forms to have filled out and submitted.

19.

On December 9, 2019, Plaintiff received a call from Ms. Olson. She told Plaintiff that he had to begin working 32 hours per week and his pay would change to salary. Plaintiff explained that he had medical issues that prevented him from working that many hours and that HR told him that she was supposed to provide Plaintiff with accommodation paperwork. Ms. Olson said effective January 1, 2020, Plaintiff would have to be salary and she will work with HR about reducing his hours. Ms. Olson said she would contact HR to see what she needs to do and that she would let Plaintiff know what he needs to do.

20.

On December 10, 2019, Ms. Olson called Plaintiff again. She told Plaintiff that he would need to be able to work 64 hours per biweekly pay period and that HR was deciding about accommodating his disability. Plaintiff again requested a reduced hour requirement, whether he was paid hourly or salary, as an accommodation for his disability. Ms. Olson told Plaintiff it was not possible to pay him on an hourly basis. She also said the only options were a salary based on 64, 72, or 80 hours per biweekly pay period. Ms. Olson said there is no way to pay less than 64 hours because you are paid the full salary based on the salary designation. Plaintiff requested a reduced salary based on the number of hours he could work. Ms. Olson said that could not be done because there is not a payroll coding for a reduced schedule. Plaintiff asked that Walgreens create a payroll code to allow his to work within his medical restrictions. Plaintiff told Ms. Olson

PAGE 5 -- COMPLAINT

Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

EXHIBIT 1
Page 5 of 13

he was going to see his doctor again tomorrow and his hours may be reduced further.

21.

On December 11, 2019, Plaintiff was taken off work by his doctor until December 16 due to his disability. Plaintiff was also restricted to working no more than eight hours a day and a maximum of 18-20 hours per week.

22.

On December 13, 2020, Plaintiff emailed Dacia McCombs, market scheduler, and told her about the letter from Plaintiff's doctor and the contents.

23.

A few days had passed, and because Plaintiff had not received a response from Ms. Olson, Plaintiff called corporate again and they gave him case number 02203405 and said they would have an Employee Relations (ER) specialist look into his situation.

24.

Plaintiff returned to work on December 17, 2019. Plaintiff worked no more than 20 hours per week from that date until his employment was terminated.

25.

Plaintiff met with Ms. Olson on December 17, 2019 and they called an HR representative on a recorded line. The HR person said they had instructed Ms. Olson to give Plaintiff an ADA form and she did so.

26.

On December 19, 2019, Plaintiff's doctor filled out the form given to Plaintiff on December 17 for his disability and work restrictions. Plaintiff delivered them to his store and left them for Ms. Olson.

Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

EXHIBIT 1
Page 6 of 13

27.

On December 20, 2019, Ms. Olson emailed Plaintiff and told him she faxed the paperwork for review by Employee Relations.

28.

On December 27, 2019, Plaintiff emailed Olson and asked if she had an update from ER yet and that Plaintiff wasn't sure of his scheduling status. She replied that she had not heard anything.

29.

On January 23, 2020, Plaintiff received an e-mail from Ms. Olson that Plaintiff needed to contact Sedgewick Disability and Leave Center for Walgreens Team Members and apply for FMLA leave. The email said that if Plaintiff qualified for FMLA then Walgreens would accommodate a reduced work schedule of 24 hours per week and the remaining eight hours would be designated as FMLA leave. Plaintiff's salary would then be prorated to 24 hours per week.

30.

On January 24, 2020, Plaintiff replied that his doctor restricted him to 18-20 hours per week and asked her how to proceed because her email stated 24 hours per week and his doctor had restricted him to 18-20 hours per week. Ms. Olson replied that Plaintiff should submit the request for what Plaintiff need.

31.

On January 27, 2020, Sedgwick sent a letter to Plaintiff stating his FMLA request was denied for claim no. 302043803630001IFL.

PAGE 7 – COMPLAINT

Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

EXHIBIT 1
Page 7 of 13

32.

On January 30, 2020, Sedgwick sent disability accommodation forms to Plaintiff and assigned claim number 273840ADA.

33.

On February 7, 2020, Plaintiff's doctor sent the ADA paperwork to Sedgwick.

34.

On February 10, 2020, Sedgwick sent another FMLA denial letter for claim no. C002100204500101TC for FMLA beginning February 7, 2020.

35.

Around February 14, 2020, Plaintiff received a call from Sedgwick and was told everything looked fine but they do not approve the request and just make a recommendation to Walgreens.

36.

On February 17, 2020, Plaintiff received a phone call while at work from corporate HR. The lady told Plaintiff that his request for accommodations was approved. She asked if Plaintiff was ok with only working 16 hours because the other 4 may be a challenge to find. Plaintiff told her that was fine. She asked if Plaintiff needed any changes in his current accommodations. Plaintiff said no, things were working out. She said she would work with someone to keep the pay coding since it was still in the system nationwide. She apologized for it taking so long.

37.

On March 3, 2020, when Plaintiff returned from lunch at 2 pm, Rain Hudson, Plaintiff's pharmacy manager, said Ms. Olson was in the office and she needed to see me. He told Plaintiff

PAGE 8 – COMPLAINT

Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

EXHIBIT 1
Page 8 of 13

that Ms. Olson said Plaintiff probably wouldn't be coming back into the pharmacy.

38.

Plaintiff went into the office and met with Ms. Olson and Robert Brooks, the store supervisor. Ms. Olson told Plaintiff that she had three offers for Plaintiff and he had to pick one in the next 48 hours or his employment would be terminated. Plaintiff told her that he was told his request for accommodations was approved and they just need to keep the hourly payroll coding. Ms. Olson said they no longer wanted to provide Plaintiff's requested accommodation.

39.

Defendants could have continued to accommodate Plaintiff's disability but refused to do so. Defendants could have accommodated Plaintiff restrictions, whether paid hourly or salary, and could have allowed Plaintiff to utilize intermittent ADA leave if defendant preferred to pay Plaintiff a salary.

40.

Plaintiff was offered the following options: 1) Accept a demotion to an hourly technician position; 2) move to a different state and work as an hourly pharmacist despite Plaintiff only being licensed in Oregon; 3) go on a leave of absence for one year without pay; or 4) resign.

41.

On March 4, 2020, Plaintiff received an email from Olson. "Attached is the letter you requested in writing from our conversation which took place on March 3, 2020 with Robert Brooks as a witness." Plaintiff responded that he believed Walgreens was violating the ADA and declined the four options. Later that day, Plaintiff's employment was terminated.

42.

On March 5, 2020, Plaintiff requested a complete copy of his personnel records and

PAGE 9 – COMPLAINT

Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

EXHIBIT 1
Page 9 of 13

medical file. Defendants have failed to provide Plaintiff with a copy as required by ORS 652.750.

## FIRST CLAIM FOR RELIEF

### ORS 659A.112

43.

Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

44.

Plaintiff is a 'disabled person' as defined at ORS 659A.104(1).

45.

Defendants are an 'employer' as defined at ORS 659A.106.

46.

Plaintiff has a known disability. Plaintiff disclosed his disability to Defendants.

47.

Defendants utilize standards, criteria or methods of administration that have the effect of discrimination against people with disabilities, such as plaintiff.

48.

Defendants requirement that pharmacists work a minimum of 32 hours per week is a criteria that screens out or tends to screen out an individual with a disability, such as Plaintiff, thereby having a disparate impact on individuals with disabilities.

49.

Defendants discriminated against Plaintiff because of his disability by failing to accommodate his disability and terminating his employment.

PAGE 10 – COMPLAINT

Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

EXHIBIT 1
Page 10 of 13

50.

Defendants' conduct violates ORS 659A.112.

51.

As a result of Defendants unlawful employment actions, Plaintiff suffered, and continues to suffer, economic and non-economic damages.

52.

Plaintiff is entitled to equitable relief, including, but not limited to, a declaration that Defendants violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and requiring defendants to modify its policies and accommodate Plaintiff's disability and similarly situated individuals with disabilities.

53.

Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury. Plaintiff estimates that his economic damages do not exceed $500,000.

54.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other non-pecuniary losses in an amount to be proven at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury. Plaintiff estimates that his non-economic damages do not exceed $500,000.

55.

To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the

PAGE 11 – COMPLAINT

Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

EXHIBIT 1
Page 11 of 13

date the damage occurred until the date of judgment.

56.

Pursuant to ORS Chapter 659A and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorneys' fees and costs, including expert witness fees.

57.

Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**SECOND CLAIM FOR RELIEF**

ORS 652.750

58.

ORS 652.750(2) requires all employers to provide employees with a certified copy of all "personnel records of the employee that are used or have been used to determine the employees qualification for employment, promotion, additional compensation or employment termination or other disciplinary action" within 45 days of a request by the employee.

59.

Defendant failed to provide Plaintiff with the documents he requested as required by ORS 652.750.

60.

Plaintiff is entitled to a declaration that defendant violated ORS 652.750.

61.

Plaintiff is entitled to an injunction prohibiting defendant from committing future violations of ORS 652.750 and requiring defendant to provide a certified copy of the documents as required by ORS 652.750.

PAGE 12 – COMPLAINT

Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**EXHIBIT 1**
**Page 12 of 13**

## PRAYER FOR RELIEF

Plaintiff prays for the following judgment against defendant:

1. A sum which will fully compensate plaintiff for his non-economic damages in a sum that is just as determined by a jury;

2. A sum which will fully compensate plaintiff for his economic damages in a sum that is just as determined by a jury;

3. Equitable relief, including but not limited to, reinstatement if plaintiff so chooses;

4. Injunctive relief;

5. Plaintiff's costs and disbursements incurred herein;

6. Plaintiff's attorney fees; and

7. For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: May 21, 2020

           *s/ Carl Post*
           Carl Post, OSB No. 06105
           carlpost@lawofficeofdanielsnyder.com
           John Burgess, OSB No. 106498
           johnburgess@lawofficeofdanielsnyder.com
           Telephone: (503) 241-3617
           Facsimile: (503) 241-2249
           Of Attorneys for Plaintiff

PAGE 13 – COMPLAINT

Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

EXHIBIT 1
Page 13 of 13